**In re David G. BOYER and Kimberly K. Boyer, Debtors.**

**No. 13–bk–18729.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Signed Feb. 25, 2014.

John H. Redfield, Crane, Heyman, Simon, Welch & Clar, Chicago, IL, for Debtors.

## OPINION ALLOWING DEBTOR'S MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtors' confirmed Chapter 13 Plan provides for payment of 100% of unsecured creditor claims over 60 months. However, fewer claims were filed than were scheduled and anticipated. Debtors now wish to reduce the Plan payment by $800 per month to $1200 per month which would still provide enough cash flow to pay 100% to all unsecured claims over the 60 months Plan period.

■ Chapter 13 Trustee Vaughn through his courtroom deputy trustee orally objected, arguing that Debtors who are high end earners should pay what they can afford so as to pay off the claims filed by creditors faster, thus reducing the risk of possible misfortunes that might prevent future payments.

The Trustee does not argue that these Debtors do not have a legal right to amend the Plan or that they are somehow manipulating the bankruptcy proceedings, or that they are carrying out an improper scheme that should be rejected.

■ As the Seventh Circuit ruled in *In re Rimgale*, "good faith cannot be treated as a license to read into the statute requirements Congress did not enact." *In re Rimgale*, 669 F.2d 426, 431 (7th Cir. 1982). Rather, the good faith inquiry is "whether the plan could be said to be a sincere effort at repayment, or was instead an effort to thwart repayment." *In re Schaitz*, 913 F.2d 452, 454 (7th Cir.1990).

■ Proposed amendments of confirmed Chapter 13 plan may, under some circumstances, fail the good faith test under § 1325(a)(3) if, upon analysis of the total circumstances it appears the Debtors have misrepresented facts, unfairly manipulated the Bankruptcy Code, or otherwise make a proposal that unfairly affects the creditors. *See Goeb v. Heid, (In re: Goeb)*, 675 F.2d 1386, 1390 (9th Cir.1982); and *In*

re *Ward,* 348 B.R. 545, 550–551 (Bankr.D.Idaho 2005). However, the amount of the proposed repayment and the length of the plan are no longer part of the good faith inquiry, because those factors have since been superseded by statute. *In re Selden,* 116 B.R. 232, 235 (Bankr.D.Or. 1990).

In this case the objection does not argue that Debtors' proposal under circumstances involved here has crossed any line that negates good faith except for the argument that Debtors can afford to pay more to pay off claim parties. However, a debtor's ability to pay unsecured creditors sooner, without more, does not establish that a proposed plan or plan amendment is lacking in good faith if all requirements of law for a Chapter 13 plan are complied with. *In re Cobb,* 485 B.R. 264 (Bankr.R.I. 2013).

Therefore, the objection is overruled and by separate order approval of the proposed amendment will be allowed.